FIRST ACCEPTANCE CORPORATION, Respondent, vs. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant.

*October 10—November 7, 1928.*

For the appellant there was a brief by *Shaw, Muskat & Sullivan,* and oral argument by *John L. Newman,* all of Milwaukee.

For the respondent there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Eric Wm. Passmore,* of counsel, all of Milwaukee, and oral argument by *Mr. Passmore.*

Rosenberry, J. It is conceded that the bond and the contract of employment were each made under the laws of the state of Illinois and to be governed thereby.

Smith-Hurd 1925 Illinois Revised Statutes, ch. 38, par. 210, provided as follows:

"If any officer, clerk, agent, servant, solicitor or broker of any incorporated company, or if any clerk, agent, servant, solicitor, broker, apprentice or officer of any person, copartnership, society or association, receiving any money, substitute for money or thing of value whatsoever in his fiduciary capacity, shall embezzle or fraudulently convert or appropriate the same or any part thereof to his own use, or with intent to embezzle, shall take, secrete or otherwise dispose of, or fraudulently withhold, appropriate, lend, invest or otherwise use or apply any money, substitute for money or thing of value received by him in such fiduciary capacity, or the portion thereof, belonging to his principal, employer or fiduciary, without the consent of the company, person, copartnership, society or association for or on account of which the same was received by him, he shall be deemed guilty of larceny and shall be punished as provided by the criminal statutes of this state for the punishment of larceny, irrespective of whether any such officer, agent, clerk, servant, solicitor, broker or apprentice has or claims to have any commission or interest in such money, substitute for money, or thing of value so received by him."

Reining testified that he did not spend the money but that he put the money collected for the plaintiff in a safety deposit box in the Cornbelt Bank at Bloomington, Illinois; and that he held it to secure payment of the amounts he claimed to be due him.

The case here turns on the construction to be placed on the latter part of par. 210, ch. 38, Smith-Hurd 1925 Illinois Revised Statutes set out above: "irrespective of whether any such officer, agent, clerk, servant, solicitor, broker or apprentice has or claims to have any commission or interest in such money, substitute for money, or thing of value so received by him."

It is argued by the defendant that where an employee honestly believes that he has a good offset as against any balance remaining in his hands belonging to his employer and in

good faith, by reason thereof, withholds from the employer any moneys due him, he is not guilty of embezzlement even if it be thereafter ascertained that the claim so made by him could not be sustained, and cites *Ross v. Innis,* 35 Ill. 487; *Citizens Trust Co. v. Globe & Rutgers Fire Ins. Co.* 229 Fed. 326, and other cases in support of that proposition.

It is the further contention of the defendant that the statute in question was amended for the reason that under the statute as it formerly existed it was held that if a party had a right to deduct a commission, such party and the employer owned the sum jointly and hence there has been no conversion by one joint owner as against the other, citing *McElroy v. State,* 202 Ill. 473, 66 N. E. 1058.

It is quite apparent that the amendment to the Illinois statutes relating to embezzlement was adopted for the purpose of changing the rule of law announced in *McElroy v. State, supra.* Thereafter it was no defense to a charge of embezzlement against an officer, agent, clerk, servant, solicitor, broker, or apprentice that he had an interest in the money and so was with the principal a joint owner. It is not considered, however, that by the adoption of this amendment it was intended by the legislature of the state of Illinois to change the well-established rule of law that where one retains moneys in his hands belonging to another, in good faith believing that he has a right of offset against the other, although it may subsequently appear that the claim of offset was not well founded, he is not guilty of embezzlement. Nor does the case of *People v. Schrager,* 315 Ill. 169, 146 N. E. 151, hold otherwise. There the defense of the person charged with embezzlement was that, although he had wrongfully and intentionally misappropriated the money to his use, he intended at some future time to make restitution and so did not have an intent to embezzle the money. The court held in accordance with the general rule that the intent to subsequently return the property did not relieve the wrong-

ful act of its criminal nature. Here, if the testimony offered on behalf of the defendant is to be believed, the agent Reining has not converted the money to his own use wrongfully but claims to hold the same as an offset against the claims of the plaintiff, and pending the determination of the rights of the parties in the fund he has deposited it in a bank for safe keeping. Upon these facts it is considered that the agent Reining was not guilty of embezzlement and the plaintiff has not therefore established its right to recover under the policy by the terms of which it was to be indemnified for loss occurring through the embezzlement of funds by Reining.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to dismiss the plaintiff's complaint.